IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL L. SPUCK, | ) | |
|       Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 14-5 |
| | ) | Judge Cathy Bissoon/ |
| THE NATIONAL FOOTBALL LEAGUE | ) | Chief Magistrate Judge Maureen P. Kelly |
| *and* ROGER GOODELL, *ET AL.*, | ) | |
|       Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Plaintiff's Motion for Leave to Proceed In Forma Pauperis (the "Motion"), ECF No. 7, be denied.

### II. REPORT

Daniel Spuck ("Plaintiff") is a prisoner who previously filed several lawsuits which were dismissed as frivolous or for failure to state a claim upon which relief can be granted. As a consequence, he has acquired "three strikes," in contravention of 28 U.S.C. § 1915(g), and cannot proceed *in forma pauperis* ("IFP") in the present case.

It is a plaintiff's burden to prove entitlement to IFP status. See White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); New Assessment Program v. PNC Corp., No. Civ.A. 95-6059, 1995 WL 592588, at *1 (E.D. Pa. Oct. 3, 1995); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001) ("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.").

In considering the pending Motion, this Court takes judicial notice of court records and dockets of the federal courts located in the Commonwealth of Pennsylvania as well as those of

the United States Court of Appeals for the Third Circuit. DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records). A review of the electronic dockets of these courts reveals that Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g)[1] which provides in relevant part that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In this case, Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g).[2] Plaintiff's three strikes are as follows: 1) Spuck v. Ridge, No. 1:07-cv-310 (W.D. Pa. ECF Nos. 34 & 37); 2) Spuck v. Fredric, No. 3:10-cv-155 (W.D. Pa. ECF Nos. 2 and 4); and 3) Spuck v. Clearfield County, No. 3:13-cv-46 (W.D. Pa. ECF Nos. 2 and 4). Accordingly, because Plaintiff has at least three strikes, he may not proceed IFP. Furthermore, it is noted that Plaintiff has not alleged anything in the instant Amended Complaint that would merit the grant of IFP even in those cases of prisoners who have three strikes.

Plaintiff's Amended Complaint, ECF No. 3-1, centers around complaints about changes in rules by the National Football League and failures of the National Football League to enforce certain rules. By way of relief, Plaintiff states that he wants, inter alia, a "replay of 2014-2015 N.F.L. Football Playoffs due to all N.F.L. Rule violations[.]" ECF No. 3-1, ¶ 21.

---

[1] Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule"), cert. denied, 533 U.S. 953 (2001).

[2] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Plaintiff asserts that he is currently confined in the Baltimore City Detention Center. ECF No. 1-1 at 1, ¶ 1.

The Amended Complaint fails to allege any danger of physical injury to Plaintiff, yet alone, danger of physical injury to Plaintiff that is imminent as would be required under Section 1915(g) in order to permit a prisoner to proceed IFP even though he has three strikes.

Because Plaintiff has failed to assert any allegation that would permit him to proceed IFP, the IFP motion should be denied. If the District Court adopts this recommendation, Plaintiff, of course, may thereafter pay the entire filing fee in the amount of $400.00 within a time certain or face dismissal of the Complaint for failure to prosecute.

### III. CONCLUSION

For the reasons set forth herein, it is recommended that the pending Motion be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

    Respectfully submitted:

    /s/Maureen P. Kelly
    MAUREEN P. KELLY
    CHIEF UNITED STATES MAGISTRATE JUDGE

Date: May 5, 2015

cc:    The Honorable Cathy Bissoon
       United States District Judge

3

Daniel L. Spuck
CZ-4825
SCI Mercer
801 Butler Pike
Mercer, PA 16137